HARWELL, FINNEY and TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

23117

In the Matter of James D. BRUCE,
Spartanburg County Magistrate, Respondent.

(387 S. E. (2d) 247)

Supreme Court

*Attorney General T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *as Examiner, for complainant.*

*John B. White,* Spartanburg, *for respondent.*

Submitted Nov. 13, 1989.

Decided Dec. 11, 1989.

*Per Curiam:*

Respondent, a Spartanburg County Magistrate, is charged with judicial misconduct, regarding a conviction on July 14, 1989, wherein the Respondent plead guilty to obstruction of justice in the Court of General Sessions in Spartanburg and was sentenced to ten years, suspended upon five years probation. The plea was a result of the Respondent being indicted in Spartanburg County for communicating a bribery offer to a South Carolina State Trooper to dismiss a warrant for driving under the influence. The Respondent has also resigned his judgeship.

Prior to the filing of a formal Complaint, and the convening of a Panel of Hearing Masters, the Respondent submitted a Waiver and Consent offering therein to consent and agree to a finding by the Judicial Standards Commission of judicial misconduct, upon condition that a recommendation be made of a public reprimand. In transmitting the Waiver and Consent to the Commission, the Respondent also sent a personal letter asking that the Commission consider recommending a private reprimand. The full Commission at its regular meeting accepted the proposal, made a finding of misconduct on behalf of the Respondent, and recommended to this Court the imposition of a public reprimand. No Petition to reject or modify the recommendation of the Commission was filed by the Respondent nor the Examiner.

Respondent violated Canon 1 of the Code of Judicial Conduct which requires that a judge should observe high standards of conduct "so that the integrity and independence of the judiciary be preserved." Further, the Respondent violated Canon 2 of that Code, which requires that a "judge should respect and comply with the law. . . ." We agree with the full Commission that the conduct of the Respondent has brought the judiciary into disrepute, and contradicts the very goal of the judiciary which is to seek justice. We further agree, that the Respondent is, therefore, also guilty of misconduct under Section 1(b)(2) of the Rule of Judicial Discipline and Standards, Supreme Court Rule 34. He stands publicly reprimanded.

Public reprimand.